# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **JEFFREY S. BILFIELD, et al.,** ) | **CASE NO. 1:13CV2315** |
| ) | |
| **Plaintiffs,** ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| **vs.** ) | <u>**OPINION AND ORDER**</u> |
| ) | |
| **BANKERS HEALTHCARE** ) | |
| **GROUP, INC.,** ) | |
| **Defendant.** ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

This matter comes before the Court as an Appeal from the Bankruptcy Adversary

Proceeding Case No. 12-1208 in the Related Bankruptcy Case No. 12-12680, before the

Honorable Pat E. Morgenstern-Clarren.  Appellants, Jeffrey S. Bilfield and Janet M. Bilfield,

appeal on the issue:  Did the Bankruptcy Judge err and abuse her discretion in denying

Appellants' Motion for Sanctions and Request for Attorney Fees under 28 U.S.C.

§ 1927 and the common law?  For the following reasons, the Court finds that the Bankruptcy

Court did not err and abuse its discretion in denying sanctions for violation of 28 U.S.C.

§ 1927, nor in failing to impose sanctions pursuant to its inherent powers.  The decision of the

Bankruptcy Court is affirmed and no oral arguments are necessary.

## I. BACKGROUND

The Bilfields filed for relief under Chapter 7 of the Bankruptcy Code on April 11,

2012.  In December of 2009, Bankers Healthcare Group, Inc. ("BHG") made a loan to Dr.

Bilfield, allegedly secured by the assets of his dental practice.  Subsequently, BHG attempted

to collect on the debt; filed suit (post-petition) against Dr. Bilfield in New York state court;

and engaged a process server to effect service, all in violation of the automatic bankruptcy stay.  As a result, the Bilfields filed a motion, in the bankruptcy proceeding, to show cause why BHG should not be sanctioned for violation of the automatic stay.

Shortly thereafter, BHG initiated an Adversary Proceeding by filing a Complaint to deny discharge, partly on the basis of fraud and/or false pretenses, arguing that Dr. Bilfield had overvalued the assets of his dental practice.  In order to resolve all issues in one proceeding, the Bilfields re-filed their show cause motion as a Counterclaim in the Adversary Proceeding.  The Bankruptcy Court set discovery and motion deadlines.

The Bilfields filed a Motion for Partial Summary Judgment on the grounds that BHG was not the real party in interest.  The facts demonstrated that BHG had sold the Bilfield loan to a third party shortly after originating the loan; and then, re-purchased the loan after Dr. Bilfield defaulted and after the Chapter 7 case was filed.  The Bankruptcy Court granted the Motion for Partial Summary Judgment and denied BHG's Motion to Reconsider.

On May 28, 2013, a trial on the Counterclaim for damages for violation of the automatic stay was held.  Judgment for the Bilfields was entered on June 12, 2013; and BHG was ordered to pay attorneys' fees on August 12, 2013.  Neither party appealed.

Also on May 28, 2013, the Bilfields filed a Motion for Sanctions, pursuant to 28 U.S.C. § 1927 and common law, for vexatious litigation.  The Bankruptcy Court denied the Motion for Sanctions on September 17, 2013.  This Appeal followed.

**II. LAW AND ANALYSIS**

**Statutory Authority**

Pursuant to 28 U.S.C. § 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

A court may sanction an attorney under § 1927 even without finding "conscious impropriety." *Hall, id.*; *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 396 (6th Cir. 2009).  The necessary inquiry for an award of fees is not whether the attorney acted in bad faith.  Rather, the required showing is "something less than subjective bad faith, but something more than negligence or incompetence." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006).

> There must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party. *In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987).

**Common Law Authority**

"Bankruptcy courts, like Article III courts, enjoy inherent power to sanction parties for improper conduct." *In re Downs*, 103 F.3d 472, 477 (6th Cir. 1996) (citing *In re Rainbow Magazine, Inc.*, 77 F.3d 278, 283-4 (9th Cir. 1996)).  Unlike the § 1927 sanction, punishment under a court's inherent powers necessitates "a finding that an attorney 'willfully abuse[d]' judicial processes' by conduct 'tantamount to bad faith.'" *Jones v. Continental Corp.*, 789 F.2d 1225, 1229 (6th Cir. 1986) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-66 (1980)).  The court must find facts demonstrating that the offending party litigated vexatiously, wantonly or for oppressive or improper purposes.  *See Big Yank Corp. v. Liberty*

-3-

*Mut. Fire Ins. Co.*, 125 F.3d 308, 313-14 (6th Cir. 1997).

**Standard of Review**

A decision to grant or deny sanctions is reviewed under the abuse-of-discretion standard. *See Hall v. Liberty Life Assurance Co. of Boston*, 595 F.3d 270, 275 (6th Cir. 2010); *Mich. Div.- Monument Builders of N. Am. v.* Mich. *Cemetery Ass'n*, 524 F.3d 726, 739 (6th Cir. 2008); *In re Level Propane Gases, Inc.*, 2007 WL 2344919, *1 (N.D.Ohio Aug.16, 2007). The Sixth Circuit "has defined an abuse of discretion as a definite and firm conviction that the trial court committed a clear error of judgment." *Hall*, 595 F.3d at 275, citing *Arban v. W. Publ'g Corp.*, 345 F.3d 390, 404 (6th Cir. 2003). "Such an error occurs 'when the district court applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact.'" *Hall, id.*, quoting *Geier v. Sundquist*, 372 F.3d 784, 789-90 (6th Cir. 2004).

Although courts are given a great deal of latitude in fashioning an appropriate sanction, they "must exercise such power with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *In re Downs*, 103 F.3d at 478. "The sanction levied must be commensurate with the egregiousness of the conduct." *In re Downs, id.*

In the instant matter, the Bankruptcy Judge denied the Bilfields' Motion for Sanctions, concluding:

> In the exercise of its discretion based on having presided over this case for an eventful year and a half, the court determines that the ***totality of the circumstances*** does not establish that Bankers Healthcare unreasonably and vexatiously prolonged these proceedings. The record shows that both sides could and should have taken steps early on to make sure that their clients were objectively evaluating the dispute and all counsel could and should have maintained a stronger focus on the relevant legal and factual issues raised. (Emphasis added).

-4-

The Bilfields contend that the Bankruptcy Judge relied on clearly erroneous findings of fact.  In reality, the Bilfields disagree with the Bankruptcy Judge's characterization of the facts and mistake her recitation of the parties' positions as factual findings.  Further, the Bilfields contend that the Bankruptcy Judge misapplied the legal standard and applied the wrong legal standard when she considered the totality of the circumstances in her ruling on their Motion for Sanctions.  The relevant statute and the common law mandate that the Bankruptcy Judge be judicious, and fairly and equitably match any contemplated sanction to the conduct of the parties.  This mandatory restraint on the exercise of a court's sanctioning authority required the Bankruptcy Judge to thoughtfully consider all that transpired over the year-and-a-half span of the litigation.

### III. CONCLUSION

Therefore, upon review of the briefs, the record and the applicable law, the Court determines that the Bankruptcy Judge did not rely on clearly erroneous findings of fact; it was not inappropriate for the Bankruptcy Judge to look at the totality of the circumstances; and the Bankruptcy Court did not abuse its discretion in denying sanctions against BHG.  Thus, the Court affirms the Bankruptcy Court's September 17, 2013 Order and dismisses the captioned case.

**IT IS SO ORDERED.**

s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Dated:  December 16, 2014**        **United States District Judge**

-5-